RECEIVED

AUG 2 5 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KYLE P. HARGRAVE | CIVIL ACTION NO.: 10-0141 |
| VERSUS | JUDGE DOHERTY |
| PARKER DRILLING CO., ET AL. | MAGISTRATE JUDGE HILL |

## OPINION

Before the Court is the Motion for Summary Judgment [Doc. 10] filed by defendants Parker Drilling Company ("Parker") and Zurich American Insurance Company ("Zurich"). Defendants seek dismissal of all claims alleged against them on grounds there are no genuine issues of material fact that the plaintiff was intoxicated at the time he was injured and that the two benefit policies at issue exclude coverage for losses caused by, contributed to, or resulting from intoxication. Plaintiff opposes the motion [Doc. 12], and defendants have filed a reply brief [Doc. 17].

Although the defendant filed the instant motion as a motion for summary judgment, because this matter is one sounding in ERISA, this Court notes what the parties are, in fact, seeking is a determination on the merits. That is, the defendants seek a ruling as to whether the benefits determinations made by Zurich were proper. Thus, the procedural posture in which the issues have been presented to the Court is not appropriate. The parties have been contacted by the Court and have agreed that the matter should be presented on the merits of the plaintiff's claims. Therefore, this Court will consider the briefs filed as if they were briefs on the merits and will consider whether Zurich properly denied plaintiff's claims for benefits.

I.   **Factual and Procedural Background**

Plaintiff, Kyle P. Hargrave, contends on or about January 1, 2009 at 5:45 p.m., he was

discharging fireworks with friends to celebrate the New Year. Plaintiff was in the process of discharging a firework when it malfunctioned in his left hand.[1] Plaintiff allegedly suffered "severe and painful personal injuries, including an open fracture-dislocation, MCP joint, left thumb, with cicuferential degloving of thumb and thonar eminence, degloving of the ring finger with fracture of the DIP joint and multiple open wounds of the hand with burns, laceration to the branch radial artery, mid palmer arch, and disabling dismemberment."[2]

It is undisputed the plaintiff was intoxicated at the time of the accident. Records from Acadian Ambulance Service, which transported the plaintiff to Abrom Kaplan Memorial Hospital immediately after the accident, indicate "pt admitted to etoh use." Plaintiff arrived at Kaplan's emergency room at 6:25 p.m. and again admitted "to drinking beer/whiskey today." Before being transferred to Lafayette General Medical Center, plaintiff had blood drawn and screened at Kaplan at 7:15 p.m. Plaintiff's blood alcohol content – approximately one and a half hours after the accident – was "out of range" at 138 mg/dL, which translates to 0.138% blood alcohol content. The reference range noted on the emergency room records is "0-3."[3] This Court notes the amount required in Louisiana to be convicted of operating a vehicle while intoxicated is 0.08%. The foregoing records

---

[1] Plaintiff argues in an Affidavit attached to his brief that the fireworks did not explode in his left hand, but rather, exploded on a table where he placed it. As discussed herein, the Affidavit presented by the plaintiff is not part of the administrative record and cannot be considered by this Court in evaluating the factual findings made by Zurich. *See Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 102 (5th Cir. 1993) (emphasis added), *citing Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 639 (5th Cir. 1992). A full discussion of the interplay between the standard of review and factual findings is found within the text. Furthermore, the records from the Kaplan emergency room indicate the "fireworks exploded in hand." *See* Exhibit 2, attached to defendants' brief, Doc. 10, at p. 3. As the documents contained in the administrative record clearly indicate the fireworks exploded in the plaintiff's left hand, and Zurich so found in its claims process, this Court must evaluate the plaintiff's claims in light of that factual determination.

[2] *See* Plaintiff's Petition, ¶ 4.

[3] *See* exhibits attached to defendants' motion for summary judgment, Doc. 10.

are attached to defendants' brief, and are also made part of the administrative record, which all parties stipulate is complete.

At the time of the accident at issue, the plaintiff was insured under a Basic Accidental Death and Dismemberment Group Policy (Policy Number GTU 4279153) (the "Basic Policy") and a Supplemental Accidental Death and Dismemberment Group Policy (Policy Number GTU 0016229) (the "Supplemental policy") issued by Zurich to Parker Drilling, plaintiff's employer. In their brief, defendants claim Zurich is the named fiduciary under both policies for purposes of claims processing and review. Despite failing to Bates-stamp the administrative record in this matter, which made the following task inordinately difficult, this Court was able to locate the portion of the Basic Policy which states Zurich has "the discretionary authority to determine eligibility for benefits and to construe the terms of the plan."[4] However, this Court was unable to locate any reference to Zurich being a claims fiduciary under the Supplemental Policy. Zurich admits there is no provision in the Supplemental Policy granting Zurich the discretionary authority to determine eligibility for benefits and to construe the terms of the plan. Thus, the review of the benefits determination under the *Supplemental Policy* will be de novo.

As stated previously, the Basic Policy grants discretion to Zurich to determine eligibility for benefits and to construe the terms of the plan. Therefore, this Court reviews Zurich's benefits

---

[4] *See* Basic Policy, Section XII, entitled "General Policy Conditions," Paragraph K, which states:

**ERISA Claims Fiduciary.** Under the Employee Retirement Income Security Act of 1974 as amended (ERISA), the Policyholder designates Us [Zurich] as the claims fiduciary of this plan and gives Us [Zurich] the discretionary authority to determine eligibility for benefit and to construe the terms of the plan. The Policyholder agrees to comply with the disclosure and reporting requirements of ERISA regarding the plan and Our designation and authority as the claims fiduciary.

*See* Exhibit 8-2, p. 29, attached to defendants' Response to ERISA Case Order, Doc. 8.

determination under the Basic Policy for an abuse of discretion. Under the Basic Policy, coverage is provided for the following:

**The Hazards insured against by the Policy are:**

> A. A Covered Injury sustained by You anywhere in the world subject to the terms, conditions, exclusions and limitations under this Policy.[5]

A "Covered Injury" is defined in the Basic Policy as "an Injury directly caused by accidental means, which is independent of all other causes, results from a Covered Accident, occurred while You are insured under the policy, and results in a Covered Loss."[6] An "Injury" is defined as a "bodily Injury."[7] A "Covered Loss" is defined as:

> Covered Loss means a loss which meets the requisites of one or more benefits or additional benefits, results from a Covered Injury, and for which benefits are payable under the policy.[8]

Under the Supplemental Policy, the following coverages are provided:

**Hazards Insured Against by the Policy**

**24 Hour Accident Protection, Business and pleasure, H-19**

The Hazards insured against by the Policy are:

> Injury sustained by a Covered Person anywhere in the world. . .[9]

Under the Supplemental Policy, "Injury" is defined as "an accidental bodily injury, which is

---

[5] *See* Basic Policy, Section IV, entitled Coverages, Exhibit 8-2, p. 7 to defendants' Response to ERISA Case Order, Doc. 8.

[6] *Id.* at Section III, "Definitions," p. 5.

[7] *Id.*

[8] *Id.*

[9] *See* Supplemental Policy, Exhibit 8-3 to defendants' Response to ERISA Case order, Doc. 8, at p. 8.

a direct result, independent of all other causes, of a hazard set forth in the 'Description of Hazards.'"[10]

Both policies contain the following exclusion:

**A loss will not be a Covered Loss if it is caused by, contributed to, or results from:**

**7.    being intoxicated.**

      a.    An insured will be conclusively presumed to be intoxicated if the level of alcohol in his or her blood exceeds the amount at which a person is presumed, under the law of the locale in which the Accident occurred, to be intoxicated, if operating a motor vehicle.

      b.    An autopsy report from a licensed medical examiner, law enforcement officer reports, or similar items will be considered proof of the Insured's intoxication.[11]

It is unclear when the plaintiff filed his claims for benefits, however, on April 13, 2009, Zurich acknowledged receipt of plaintiff's filing of a claim *under the Basic Policy* and a claim for benefits *under the Supplemental Policy*. On November 10, 2009, Zurich denied the claim under the *Supplemental Policy* on two grounds: (1) plaintiff did not suffer a "loss" within the meaning of the policy as there was no actual severance "through or above the metacarpophalangeal joint of a thumb

---

[10] *Id.* at "Definitions," p. 5.

[11] *See* Basic Policy, Section VII, entitled "General Exclusions," ¶ 7(a) & (b), Exh. 8-2, p. 11; *see* Supplemental Policy, "Coverage Excluded," ¶ 7(a) & (b), Exh. 8-3 to Doc. 8, p. 12.

Under the Basic Policy, the exclusion is worded as follows:

A loss will not be a Covered Loss if it is caused by, contributed to, or results from:

7.    being intoxicated.

      a.    You will be conclusively presumed to be intoxicated if the level of alcohol in Your blood exceeds the amount at which a person is presumed, under the law of the locale in which the Accident occurred, to be intoxicated, if operating a motor vehicle.

      b.    An autopsy report from a licensed medical examiner, law enforcement officer reports, or similar items will be considered proof of Your intoxication.

or index finger,"[12] and (2) plaintiff was intoxicated at the time of the accident. Plaintiff's claim under the *Basic Policy* was denied for identical reasons on November 10, 2009.[13] Plaintiff appealed on December 3, 2009.

On January 26, 2010, plaintiff was informed by Zurich's ERISA Review Committee that there is no requirement that both plaintiff's thumb and index finger be severed above the metacarpophalangeal joint in order to constitute a "loss" within the meaning of the policies. Rather, because the plaintiff sustained actual severance of a thumb above the metacarpophalangeal joint, this injury qualified as a "loss" within the terms of the policies. However, the denial of benefits on both claims was affirmed based on plaintiff's intoxication at the time of the accident.[14]

Plaintiff filed suit in the Fifteenth Judicial District Court for the Parish of Vermilion, State of Louisiana, on December 30, 2009 against Zurich and Parker Drilling, plaintiff's employer. Plaintiff alleges Zurich arbitrarily denied coverage for his injuries, and alleges Parker Drilling was negligent in failing to represent him or mediate his claims despite deductions made from his salary for premiums paid to Zurich. The lawsuit was removed to this Court on February 2, 2010.

---

[12] Specifically, Zurich explained although the plaintiff did sustain the complete amputation involving the thumb and ring finger of his left hand, there was no actual severance of his left index finger at the metacarpophalangeal joint, nor was there total paralysis of his left arm. *See* Exh. 8-4, p. 6, attached to defendants' Response to ERISA Case Order, Doc. 8.

[13] *Id.* at Exh. 8-4, pp. 8-11.

[14] On appeal, Zurich argued that Exclusion 1 also applies:

1. Suicide or any attempt at suicide or *intentionally self inflicted Injury or any attempt at intentionally self inflicted Injury.*

(emphasis in original).

Zurich refers to this exclusion as existing in "the policy," although Zurich presumably reviewed each claim under the Basic Policy and the Supplemental Policy. *See* Exh. 8-4, pp. 17-19.

On April 14, 2010, an ERISA Case Order was issued by the magistrate judge. Under that Case Order, the parties stipulated ERISA governs the employee benefit plan at issue; ERISA preempts all state law claims; the Basic Policy grants Zurich discretionary authority to determined eligibility for benefits and to construe the terms of the plan; the administrative record is complete; and, at the time of his accident, the level of alcohol in plaintiff's blood exceeded the level at which he would have been presumed to be intoxicated under Louisiana law if operating a motor vehicle.[15]

Defendants filed the instant motion on July 9, 2010, contending there are no genuine issues of material fact that under the language of the policies at issue, plaintiff was properly denied coverage under both the Basic Policy and the Supplemental Policy for his injuries. As previously noted, this Court considers all briefs before the Court as briefs on the merits.

## II. Law and Analysis

### 1. Legal Standard – ERISA

The parties to this matter have stipulated the plaintiff's claims against Zurich are controlled by ERISA, and ERISA preempts all state law claims, presumably, including any claims of negligence alleged against Parker Drilling. As such, the plaintiff's claims are limited to an appeal of the Plan Administrator's denial of their claims pursuant to 29 U.S.C. § 1132(a)(1)(B): "A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

"ERISA provides federal courts with jurisdiction to review benefit determinations by fiduciaries or plan administrators." *Bratton v. National Union Fire Insurance Company of*

---

[15] Docs. 7, 9.

*Pittsburgh, PA*, 215 F.3d 516, 521-22 (5th Cir. 2000). "[A] denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 521. "When an administrator has discretionary authority with respect to the decision at issue, the standard of review should be one of abuse of discretion." Id. at 521 n.4.

The Fifth Circuit has described the nature of the abuse of discretion review. "When applying the abuse of discretion standard, 'we analy[ze] whether the plan administrator acted arbitrarily or capriciously. A decision is arbitrary when made 'without a rational connection between the known facts and the decision or between the found facts and the evidence. An administrator's decision to deny benefits must be 'based on evidence, even if disputable, that clearly supports the basis for its denial.' We must find that '[w]ithout some *concrete evidence* in the administrative record that supports the denial of the claim, . . . the administrator abused its discretion.'" *Lain v. Unum Life Insurance Company of America*, 279 F.3d 337, 342-43 (5th Cir. 2002) (citations omitted) (emphasis in original).

The plaintiff bears the burden of proving the Plan Administrator abused her discretion in concluding they were not entitled to benefits under the terms of the Plan. *See Dowden v. Blue Cross & Blue Shield of Texas, Inc.*, 126 F.3d 641, 644 (5th Cir. 1997); *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1254 n.9 (5th Cir. 1993). The abuse of discretion standard of review requires that this Court determine, first, whether the Administrator's interpretations and constructions are legally correct and, if legally correct interpretations or constructions were used by the Plan Administrator, whether she abused her discretion in reaching those conclusions upon which her decision is based.

Under the de novo standard, the Fifth Circuit has held the court should review the claim "as

it would...any other contract claim -- by looking to the terms of the plan and other manifestations of the parties' intent." *Bratton*, 215 F.3d at 516, *citing Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 112-13, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Nevertheless, even where the court employs the de novo standard to the ultimate benefits determination of the plan administrator, for factual determinations under ERISA plans, the Fifth Circuit has held federal courts owe due deference to an administrator's findings and, for their review, the abuse of discretion standard is appropriate. *Bratton*, 215 F.3d at 522, *citing Southern Farm Bureau Life Ins. Co. v. Moore,* 993 F.2d 98, 101 (5th Cir.1993); *Pierre v. Connecticut Gen. Life Ins. Co.,* 932 F.2d 1552, 1562 (5th Cir.1991).

Finally, it is well-settled "a district court should evaluate the administrator's fact findings regarding the eligibility of a claimant *based on the evidence before the administrator....*" *Southern Farm Bureau Life Ins. Co. v. Moore,* 993 F.2d 98, 102 (5th Cir. 1993) (emphasis added), *citing Wildbur v. ARCO Chemical Co.,* 974 F.2d 631, 639 (5th Cir. 1992).

In the instant case, the *Basic Policy* gives Zurich complete discretion "to construe and interpret all terms and provisions of the Policy" and the parties have stipulated as such. However, the *Supplemental Policy* does not grant Zurich such discretionary authority. Thus, although this Court will be reviewing essentially two identical claims decisions (as identical claims were made under the two separate policies), technically, this Court will review Zurich's claims decision under the Basic Policy for an abuse of discretion, but must review Zurich's claims decision under the Supplemental Policy de novo. Notwithstanding the foregoing, any *factual findings* made by Zurich will be analyzed under the abuse of discretion standard and will be evaluated solely on the basis of the administrative record. *See Bratton*, 215 F.3d at 521.

2. **Analysis of Motion**

In their brief, defendants contend it is undisputed the plaintiff's blood alcohol content was nearly twice the legal limit at the time the plaintiff injured himself while detonating the firecracker. In his brief, plaintiff argues the following:

II.

Paragraph 2 of defendants['] motion [sic] over look, the possibility that while plaintiff may have been intoxicated which would prevent him from legally operating an automobile on public roads, still, plaintiff's loss while lighting a defective firework may have had nothing to do with his level of intoxication.

III.

Plaintiff will show at the trial on the merits of this cause and the record will reveal that defendants, through their own admission, were arbitrary in waiting almost twelve (12) months, despite repeated demand for relief by plaintiff's mother to advise Plaintiff that his claim had been denied on November 10, 2009 leaving him only twenty (20) days to appeal his claim or file suit [for] his loss.[16]

To his brief, plaintiff attaches the affidavits of the plaintiff and the plaintiff's mother, wherein the affiants attest the plaintiff's accident was not due to plaintiff's drinking.

This Court reviews Zurich's factual finding that the plaintiff was intoxicated at the time of the accident under the abuse of discretion standard. Additionally, this Court is restricted to a review of the administrative record in this regard, which all parties have stipulated is complete. After review of the administrative record, the Court concludes as to this factual finding, Zurich did not abuse its discretion in concluding plaintiff was intoxicated at the time of the accident. The record shows the plaintiff admitted alcohol use on the date of his accident, which was confirmed by a blood alcohol screening showing the presence of alcohol in plaintiff's blood that was almost twice the legal

---

[16] *See* plaintiff's brief, Doc. 12, ¶¶II-III.

limit allowed in Louisiana to operate a motor vehicle. Additionally, the plaintiff *stipulated* his blood alcohol level exceeded the amount at which he would have been presumed to be intoxicated, under Louisiana law, if operating a motor vehicle.

The Court next considers whether Zurich's ultimate benefits determinations were erroneous. Because it must consider the claim determination made under the Supplemental Policy de novo, this Court will consider that claims determination first. This Court must review plaintiff's claim under the Supplemental Policy "as it would...any other contract claim -- by looking to the terms of the plan and other manifestations of the parties' intent." *Bratton*, 215 F.3d at 516, *citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112-13, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In the instant case, the Supplemental Policy contains the following exclusion:

> A loss will not be a Covered Loss if it is caused by, contributed to, or results from:
>
> 7.   being intoxicated.
>
>    a.   An insured will be conclusively presumed to be intoxicated if the level of alcohol in his or her blood exceeds the amount at which a person is presumed, under the law of the locale in which the Accident occurred, to be intoxicated, if operating a motor vehicle.
>
>    b.   An autopsy report from a licensed medical examiner, law enforcement officer reports, or similar items will be considered proof of the Insured's intoxication.[17]

---

[17] *See* Basic Policy, Section VII, entitled "General Exclusions," ¶ 7(a) & (b), Exh. 8-2, p. 11; *see* Supplemental Policy, "Coverage Excluded," ¶ 7(a) & (b), Exh. 8-3 to Doc. 8, p. 12.

Under the Basic Policy, the exclusion is worded as follows:

A loss will not be a Covered Loss if it is caused by, contributed to, or results from:

7.   being intoxicated.

   a.   You will be conclusively presumed to be intoxicated if the level of alcohol in Your blood exceeds the amount at which a person is presumed, under the law of the locale in which the Accident occurred, to be intoxicated, if operating a motor vehicle.

Here, it is undisputed the level of blood alcohol in the plaintiff's blood exceeded the amount at which a person would be presumed, under Louisiana law, to be intoxicated if operating a motor vehicle. Under the language of the Supplemental Policy, the plaintiff is presumed to have "be[en] intoxicated" at the time of his injury. Also under the terms of the policy, "A loss will not be a Covered Loss if it is caused by, contributed to, or results from: being intoxicated."

Defendants contend given plaintiff's blood alcohol content at the time of the accident, there can be no doubt plaintiff's intoxication at least "contributed to" his injuries and, therefore, plaintiff's claim was properly denied. In response, the plaintiff presents his affidavit and the affidavit of his mother, in which both state the plaintiff's drinking did not cause plaintiff's injuries. To that end, plaintiff states he was "fully in control of his faculties at the time of the accident." Additionally, plaintiff argues the standard for intoxication for driving an automobile differs from the standard that may be required when lighting fireworks. Therefore, the plaintiff appears to be arguing the evidence of his blood alcohol content should not be conclusive of coverage.

The affidavits presented by the plaintiff are not part of the administrative record and therefore, this Court cannot consider them in reviewing the factual findings upon which Zurich based its benefits determinations. The administrative record does, however, contain the Supplemental Policy itself, which contains an exclusion stating a loss is not a "Covered Loss" if it was caused by, contributed to, or results from: being intoxicated." The exclusion further states "You will be *conclusively presumed to be intoxicated* if the level of alcohol in Your blood exceeds the amount at which a person is presumed, under the law of the locale in which the Accident occurred, to be

---

    b.    An autopsy report from a licensed medical examiner, law enforcement officer reports, or similar items will be considered proof of Your intoxication.

intoxicated, if operating a motor vehicle."

Here, it is undisputed the level of blood alcohol in the plaintiff's blood exceeded the amount at which a person would be presumed, under Louisiana law, to be intoxicated if operating a motor vehicle. Therefore, plaintiff's argument that there is a different "standard" for intoxication while operating fireworks is immaterial. Additionally, it is not unreasonable to conclude the plaintiff's intoxication at least "contributed to" the plaintiff's injury, and this Court notes the plaintiff has pointed to no evidence in the administrative record showing the plaintiff's intoxication did *not* contribute to his accident, other than his own self-serving affidavit and the self-serving affidavit of his mother, which cannot be considered by the Court. Furthermore, plaintiff's statement in his opposition brief that Zurich's position overlooked "the possibility" that alcohol played no role in his accident is insufficient to override the policy's intoxication exclusion.

Considering the foregoing, this Court concludes the intoxication exclusion in the Supplemental Policy applies, and consequently, Zurich properly denied plaintiff's claim for benefits under the Supplemental Policy.

Turning now to the Basic Policy, this Court must only review Zurich's claims decision under that policy for an abuse of discretion. Because Zurich denied plaintiff's claim under this policy for the same reason it denied plaintiff's claim under the Supplemental Policy, and because the two policies have almost identical exclusions, this Court concludes Zurich did not abuse its discretion in denying plaintiff's claim for benefits under the Basic Policy.

Considering the foregoing, this Court concludes Zurich properly denied plaintiff's claim for benefits under the Basic Policy and the Supplemental Policy, and plaintiff's claims against defendants, therefore, are DENIED AND DISMISSED WITH PREJUDICE.

IT IS ORDERED that the parties submit a Judgment, approved as to form, within ten (10) days of the date of this Order.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 25 day of August 2010.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE